ALFORD, Judge.
This is an appeal from a judgment of the Twenty-First Judicial District Court, Parish of Tangipahoa, in favor of appellees, Mr. and Mrs. Craig Albert. Appellant, Landry Grice, filed suit for damages allegedly resulting to his property from appellees’ alleged filling in of a natural drain on their property. Additionally, appellant sought to have a mandatory injunction issued ordering appellees to open the alleged drain or to construct an approved alternative drainage plan. The trial judge found that appel-lees had not filled in a natural drain, but rather, had merely filled in certain low spots on their property. Further, the trial judge held that appellant failed to prove that appellees actually caused the damage appellant complained of.
Mr. Grice’s property is separated from the Albert property by a parcel of land owned by a Mr. Bodi. All three tracts are bounded on the north by Selzer’s Creek and on the south by a gravel road. The land was characterized in the testimony as sloping downward towards Selzer’s Creek. The property to the south of the gravel road is of a higher elevation than that of the subject tracts. This, along with the fact that there has been commercial and residential development to the east, has added to the drainage problems of the area as a whole.
When the property which comprises the Grice and Albert estates was initially subdivided, the above mentioned gravel road was installed. In an effort to protect the road from possible flooding, a culvert was placed under the road adjacent to the southeast corner of the Albert property. Additionally, another culvert was placed across from the southern boundary of Mr. Grice’s property in line with an old ditch which crossed appellant’s land as it emptied into Selzer’s Creek. In connection with the construction of the gravel road, a roadside ditch was dug on the north side of the road running down the southern boundaries of the Grice, Bodi and Albert tracts.
In the early summer of 1979, Mr. Grice filled in the ditch which crossed his property. He received permission from the Tan-gipahoa Parish Drainage District to reconstruct the ditch on the eastern boundary of his property. It is this reconstructed ditch, which separates the Grice and Bodi tracts, which has experienced the erosion complained of. Sometime in the fall of 1979, the Alberts began improving their property. Mr. Albert testified that he hired a local contractor who proceeded to bring in dirt to fill in low spots in the land before beginning construction of their home.
At the southeast corner of the Albert property there appeared to be an area washed out from the water flowing through the culvert during times of heavy rainfall. In an effort to prevent further erosion, Mr. Albert placed a board across from the culvert to divert the waters into the roadside ditch. Mr. Grice alleges that Mr. Albert’s placing of this board and filling in his land has caused an increase in the amount of drainage his property receives, thereby causing his reconstructed ditch to erode.
The evidence presented at trial shows that a natural depression exists across Mr. Bodi’s property starting at Selzer’s Creek and continuing southeast as it approaches the Albert tract. There is a conflict in the testimony regarding the continuation of this natural depression onto the Albert property prior to the property being improved. Several of the witnesses testified that in fact the depression partially extended across the Albert’s land. Other witnesses testified that the Albert tract merely contained certain low spots, rather than the ravine topography found on the Bodi property. The trial judge, who was in the best position to judge credibility, obviously believed the testimony of two local residents. Both of these witnesses, who were familiar with the area prior to the Albert improvements and who had been on the property on more than one occasion, testified that the land merely contained certain low spots rather than anything which resembled a ditch across it. Based on the evidence presented, the trial judge found that the Alberts had not filled in a natural drain.
*548 Additionally, the court went on to note it was impossible to determine if appellant’s having reconstructed the ditch which ran across the land, rather than appellee’s filling in -the low spots on his land, caused the erosion problem. The trial judge noted that the previously existing ditch on appellant’s land had never eroded. There was testimony to the effect that the new reconstructed ditch was devoid of vegetation and thus subject to severe erosion.
It is important to note that the Albert estate is neither dominant nor servient in reference to the Grice estate. It is clear from the record that prior to the installation of the roadside ditch, the Grice estate received no natural waters from the Albert property. Additionally, we note that in an effort to resolve the problems between Mr. Grice and Mr. Albert, the Tangipahoa Parish Police Jury has implemented an alternative drainage plan as recommended by a consulting engineer.
Appellant complains that the trial judge erred in finding that Mr. Albert merely filled in low spots on his land rather than filling in a natural drain. As noted above, the testimony in this case was lengthy and contradictory. We are of the opinion that the factual conclusion reached by the trial court is supported by sufficient evidence and thus should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellant next argues that the trial judge erred in not finding that Mr. Albert’s actions directly caused the complained of damages. Whenever recovery is based upon another’s use of his property, the injured party must prove causation between the owner’s acts or omissions and the resulting damage. Patterson v. Garic, 411 So.2d 1091 (La.App. 4th Cir.1982), writ denied, 415 So.2d 950 (La.1982). The trial court found that appellant failed to prove by a preponderance of the evidence that Mr. Albert’s actions directly caused Mr. Grice’s damages. He based this conclusion on the fact that, given the time frame of the events, he was unable to determine from the evidence whether Mr. Albert’s actions or appellant’s actions in reconstructing his ditch actually caused the damage. Appellant simply failed to meet his burden of proof.
For the foregoing reasons, the judgment of the trial court is affirmed, and appellant is cast with costs of this appeal.
AFFIRMED.